UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACQUELINE MEEKINS, CASE NO.: 1:17-CV-00056

Plaintiff,

V.

T-MOBILE USA, INC.,

Defendant.
_______________________________/

**COMPLAINT**

COMES NOW, Plaintiff Jacqueline Meekins (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby brings suit against Defendant, T-Mobile USA, Inc. (hereinafter referred to as "Defendant") and, in support thereof, Plaintiff states as follows:

**INTRODUCTION AND PRELIMINARY STATEMENT**

Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of T-Mobile USA, Inc., ("Defendant" or "T-MOBILE"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy and in violation of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (the "FCCPA").

**JURISDICTION AND VENUE**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the FCCPA, Fla. Stat. §559.55 *et al.*, that prohibits debt collectors from engaging in abusive, deceptive and unfair practices and for Defendant's violation of the TCPA, *47 U.S.C. §*

*227 et seq*., that prohibits calling a person's cellular telephone without prior express consent or after consent is revoked.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by the Florida Statutes and the TCPA.

3. Jurisdiction of this Court arises under 47 United Stated Code, Section 227(b)(3) and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

4. Pursuant to §559.71(1), Fla. Stat., a debtor may bring a civil action against a person violating the provisions of §559.72, Fla. Stat., in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred.

5. Pursuant to 47 U.S.C. §227(b)(3) "a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State - (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions."

6. At all material times herein, Plaintiff is an individual residing in Alachua County, Florida.

7. The alleged violation and all acts giving rise to the claim described in the Complaint occurred in Alachua County, Florida.

8. Venue is proper in this Court, as all acts giving rise to this claim occurred in Alachua County, Florida.

9. At all material times herein, Defendant is a national telephone services provider engaged in business in Florida.

## FACTUAL ALLEGATIONS

10. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

11. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

12. At all material times herein, Defendant attempted to collect a debt, specifically a balance allegedly due on Plaintiff's account serviced by Defendant and referenced by Defendant's account number ending in 4094 (the "Debt").

13. At all material times herein, the Debt is a consumer debt incurred primarily for the personal, household or family use.

14. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.

15. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55(2).

16. Defendant is a leader in telecommunication services and offers a variety of consumer and business related telecommunication services nationwide and is a "person" as defined by 47 U.S.C. § 153 (10).

17. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors and insurers.

18. Defendant's text messages, as more specifically alleged below, were placed to Plaintiff 's assigned cellular telephone number ending in 9594 ("Cellular Phone") using an automatic telephone dialing system ("ATDS"), a predictive telephone dialing system ("PTDS") or an artificial or pre-recorded voice ("APV").

19. Plaintiff is the owner, regular user and possessor of a Cellular Phone with the assigned number ending in 9594.

20. Based on information and belief, at no time did Defendant possess Plaintiff's prior express consent to call or text Plaintiff's Cellular Phone using an ATDS, PTDS or APV.

21. Further, in the event that Defendant alleges that it possessed Plaintiff's prior express consent to call or text Plaintiff's Cellular Phone, Plaintiff revoked such consent repeatedly.

22. Each of the below-referenced communications were made despite Defendant possessing actual knowledge that it did not have prior express consent to place such calls or texts and possessing actual knowledge that Plaintiff expressly directed Defendant to stop placing such calls or texts.

23. On or about April 20, 2016, Defendant sent Plaintiff a text message to the Cellular Phone in an attempt to collect a debt using an ATDS, PTDS or APV.

24. In response, Plaintiff instructed Defendant that she did not want to be texted on her Cellular Phone and that same day placed a telephone call to Defendant advising Defendant to stop texting her at her Cellular Phone.

25. Defendant replied that it possessed the legal right to text her on her Cellular Phone.

26. As such, on April 24, 2016, Defendant again sent a text to the Cellular Phone in an attempt to collect a debt using an ATDS, PTDS or APV.

27. In response, Plaintiff directed Defendant to stop sending texts to the Cellular Phone.

28. However, Defendant continued to send texts to the Cellular Phone on April 25, 2016, May 8, 2016 and May 20, 2016 in an attempt to collect a debt using an ATDS, PTDS or APV.

29. On May 20, 2016, Plaintiff again directed Defendant to stop sending texts to her Cellular Phone.

30. However, Defendant continued to send texts to the Cellular Phone on May 24, 2016, May 25, 2016, June 4, 2016, June 11, 2016, June 20, 2016 and June 24, 2016 in an attempt to collect a debt using an ATDS, PTDS or APV.

31. On June 25, 2016, Defendant sent Plaintiff a text to the Cellular Phone using an ATDS, PTDS or APV.

32. On July 15, 2016, July 20, 2016, July 22, 2016, and July 24, 2016, Defendant sent Plaintiff a text in an attempt to collect a debt to the Cellular Phone using an ATDS, PTDS or APV.

33. On July 25, 2016, Defendant sent Plaintiff a text to the Cellular Phone using an ATDS, PTDS or APV.

34. On August 11, 2016, August 20, 2016 and August 24, 2016, Defendant sent Plaintiff a text in an attempt to collect a debt to the Cellular Phone using an ATDS, PTDS or APV.

35. On August 25, 2016, as T-Mobile refused to stop sending Plaintiff texts, Plaintiff's counsel sent T-Mobile a communication advising T-Mobile that Plaintiff was represented by counsel with regard to her account and to stop communicating with the Plaintiff in any form. (*See* Exhibit A). Plaintiff's counsel also provided a courtesy copy of a complaint alleging the violations of the TCPA and the FCCPA. *Id.*

36. Despite T-Mobile's receipt of the communication above and actual knowledge of Plaintiff's representation, T-Mobile continued to text Plaintiff no less than three times a month despite her being represented by an attorney and despite her repeated revocation of consent both by the Plaintiff and her counsel.

37. As a direct result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and a belief that instructing Defendant to stop texting

was wholly ineffective and that the frequent, repeated direct debt collection attempts and other texts would continue unless Plaintiff terminated her long-standing cellular service.

38. Florida Statutes, Section 559.77 provides for the award of $1,000 statutory damages, actual damages, punitive damages and an award of attorneys' fees and costs to the Plaintiff should Plaintiff prevail in her FCCPA allegations against Defendant this matter .

39. United States Code, Title 47, Section 227(b)(3) provides for the award of $500 or actual damages, whichever is greater, for each telephone call placed using an automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Phone in violation of the TCPA and the regulations thereunder.

40. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase damages up to three times, of $1,500, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Phone in willful or knowing violation of the TCPA and the regulations thereunder.

41. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FIRST CAUSE OF ACTION
## Unlawful Debt Collection Practice
## Violation of Florida Statutes, Section 559.72(7)

Plaintiff re-alleges paragraphs 1-41 as if fully restated herein and further states as follows:

42. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by attempting to collect consumer Debts from Plaintiff through means which can reasonably be expected to be abusive and harassing.

43. Specifically, Defendant continued to place text messages to Plaintiff despite Plaintiff's expressly directing Defendant to stop sending text messages to her.

44. Furthermore, Defendant continued to engage in this practice while informing Plaintiff that Defendant was legally entitled to send such text messages.

45. Defendant's willful and intentional violation of the FCCPA constitutes unlawful conduct and harassment as is contemplated under Florida Statute, §559.72(7).

46. As a direct and proximate result of each of Defendant's action, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## SECOND CAUSE OF ACTION
## Unlawful Debt Collection Practice
## Violation of Florida Statutes, Section 559.72(9)

Plaintiff re-alleges paragraphs 1-41 as if fully restated herein and further states as follows:

47. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by asserting the existence of some other legal right when such person knows that the right does not exist.

48. Specifically, Defendant continued to place text messages to Plaintiff despite Plaintiff's expressly directing Defendant to stop sending text messages to her.

49. Instead of ceasing such activity, Defendant represented to Plaintiff that it possessed the legal right to continue to text Plaintiff.

50. Defendant's willful and intentional violation of the FCCPA constitutes unlawful conduct as is contemplated under Florida Statute, §559.72(9).

51. As a direct and proximate result of each of Defendant's action, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**THIRD CAUSE OF ACTION**
**Unlawful Debt Collection Practice**
**Violation of Florida Statutes, Section 559.72(18**

Plaintiff re-alleges paragraphs 1-41 as if fully restated herein and further states as follows:

52. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by communicating with Plaintiff in an attempt to collect a debt after it had actual knowledge that Plaintiff was represented by counsel with respect to the debt.

53. Specifically, Defendant continued to place text messages to Plaintiff in an attempt to collect a debt despite Defendant's actual knowledge that Plaintiff was represented by counsel with respect to the debt.

54. Defendant's willful and intentional violation of the FCCPA constitutes unlawful conduct as is contemplated under Florida Statute, §559.72(18).

55. As a direct and proximate result of each of Defendant's action, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**FOURTH CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

Plaintiff re-alleges paragraphs 1-41 as if fully restated herein and further states as follows:

56. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

57. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**FIFTH CAUSE OF ACTION**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
(Against All Defendants)

Plaintiff re-alleges paragraphs 1-41 as if fully restated herein and further states as follows:

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE,** as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a. Judgment against Defendant declaring that Defendant violated the FCCPA;

b. Judgment against Defendant for the maximum statutory damages for violations of the FCCPA;

c. Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

d. Judgment against Defendant declaring that Defendant violated the TCPA;

e. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's texts that violated the TCPA;

f. Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of Defendant's texts that violated the TCPA for which Defendant acted willingly or knowingly;

g. Judgment for an award of reasonable attorneys' fees and costs;

h. Punitive damages pursuant to the FCCPA in an amount to be determined at trial; and

i. Any other such relief the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

Dated: March 7, 2017.

**PASTORE & DAILEY LLC**

**s/ Michele F. Martin**
Michele F. Martin
Florida Bar No. 0474940
500 East University Avenue, Suite C
Gainesville, FL 32601
Telephone: (352) 316-6955
Email: Mmartin@psdlaw.net
Attorneys for Plaintiff